IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANE ROE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV-22-237-SLP |
| ) | |
| THE STATE OF OKLAHOMA ex rel. ) | |
| UNIVERSITY OF CENTRAL ) | |
| OKLAHOMA, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Plaintiff's Motion for Leave to Proceed Under a Pseudonym and for Protective Order [Doc. No. 3]. Plaintiff asks that she be allowed proceed in this action under the pseudonym "Jane Roe" and that the accused student in this action be referred to by the pseudonym "John Doe." Plaintiff filed the Motion on March 22, 2022 before the attorneys for Defendant entered their appearances on March 30, 2022. *See* Doc. Nos. 6-7. The time period to respond to the Motion did not expire until April 12, 2022. Defendant did not file a response or seek an extension of time to do so. Thus, the Court deems the Motion confessed. *See* LCvR 7.1(g).

Proceeding under a pseudonym is unusual and the Federal Rules of Civil Procedure "provide no exception that allows parties to proceed anonymously or under fictitious names such as initials." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001); *see also* Fed. R. Civ. P. 10(a), 17(a). However, "exceptional circumstances" may warrant anonymity in certain cases, which may include those "involving matters of a highly sensitive and

personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)); *see also Yocum*, 257 F.3d at 1172 ("'Significant privacy interests,' such as plaintiffs' interest in keeping their sexual habits from public scrutiny, sometimes suffice." (quoting *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir.1989) (per curiam))). The court should weigh the public interest in making this determination. *Femedeer*, 227 F.3d at 1246. "If a court grants permission, it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter." *Yocum*, 257 F.3d at 1172.

This action arises out of an alleged sexual assault committed by John Doe against Plaintiff while both were students at the University of Central Oklahoma. *See* Compl. [Doc. No. 1]. Plaintiff seeks redress under Title IX. In the Motion, Plaintiff asserts that her allegations of sexual assault contain "information of the utmost intimacy" and courts repeatedly allow the use of pseudonyms in similar cases. Mot. 3-4.

The Court agrees. This exceptional case involves matter of a highly sensitive and personal nature, which overrides the public interest in disclosure of the identities of Plaintiff and John Doe. *See Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) (Posner, J.) ("fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses."); *Doe v. La. State Univ.*, No. CV 20-379-BAJ-SDJ, 2020 WL 6493768, at *2 (M.D. La. June 30, 2020) (observing that "[i]n these types of cases, courts repeatedly have

allowed plaintiffs to proceed under a pseudonym" and collecting cases); *Roe v. St. Louis Univ.*, No. 4:08CV1474 JCH, 2009 WL 910738, at *5 (E.D. Mo. Apr. 2, 2009) (allowing rape victim and her parents to proceed under pseudonyms). Further, Defendant has not objected to Plaintiff's Motion. Accordingly, Plaintiff and the accused student may proceed in this action using pseudonyms.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Proceed Under a Pseudonym and for Protective Order [Doc. No. 3] is GRANTED. Plaintiff and the accused student may proceed under pseudonyms in this action. When filing any publicly accessible (i.e. non-sealed or non-restricted) pleadings or documents, filers shall use the pseudonyms "Jane Roe" in place of Plaintiff's actual name and "John Doe" in place of the accused student's actual name and shall not include any personally identifying information of Plaintiff or the accused student.

IT IS FURTHER ORDERED that Plaintiff is directed to file under seal a disclosure statement providing her true identity and the true identity of John Doe within five days of the date of this Order.

IT IS SO ORDERED this 2nd day of May, 2022.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE