IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANE ROE, <br><br> Plaintiff, <br><br> v. <br><br> THE STATE OF OKLAHOMA, *ex rel.,* UNIVERSITY OF CENTRAL OKLAHOMA, <br><br> Defendant. | **Case No: 5:22-cv-00237-SLP** |

## AGREED PROTECTIVE ORDER

Before the Court is the Parties' Joint Motion for Protective Order [Doc. 15]. The Court, having been properly advised, finds that good cause exists for the issuance of an appropriately tailored protective order governing the production of certain discovery requests in this case. The Court hereby finds that the information relating to the Plaintiff's medical records, Plaintiff's medical information, and Plaintiff's educational records is personal and/or confidential.

The Court finds that if the Parties are given this information and/or documentation, their ability to prosecute and defend this action would not be unreasonably limited by the entry of an Agreed Protective Order. Parties are bound by the following Protective Order under penalty of contempt:

THEREFORE, IT IS HEREBY ORDERED THAT:

a. The term "Highly Confidential Material", as herein, means Plaintiff's protected health information, including but not limited to any documents or records related to medical diagnoses or treatment, mental health care or counseling. The parties agree that all such material shall be designated as "HIGHLY CONFIDENTIAL"

b. The Highly Confidential Materials described above shall not be disclosed in any way to anyone except:

   i. Counsel for the Parties and their staff;
   ii. The Court and its employees, including persons who assist in settlement negotiations between the parties;
   iii. Expert witnesses and consultants retained in connection with this lawsuit, to the extent such disclosure is necessary for trial, trial preparation, or other proceedings in this lawsuit;
   iv. Stenographic personnel and videographers who are engaged in proceedings necessarily incident to the conduct of this action;

c. The term "Confidential Material," as herein, means information of any type, kind, or character that is designated and marked as "CONFIDENTIAL" by the Disclosing Party, whether it be a document, interrogatory answer, deposition testimony, answer to request for admission, response to subpoena duces tecum, production requests, hard drive information, computer data, e-mails or any other information obtained through any means in this litigation. The Parties anticipate that Confidential Material shall include, but not be

limited to, the information and documentation described in Paragraph 1 (b) and (c) herein;

d. The Confidential Materials described above shall not be disclosed in any way to anyone except the following:

   i. Parties to this lawsuit, including officers, directors, employees, and attorneys of Defendant;

   ii. Counsel for the Parties and their staff;

   iii. The Court and its employees, including persons who assist in settlement negotiations between the parties;

   iv. Expert witnesses and consultants retained in connection with this lawsuit, to the extent such disclosure is necessary for trial, trial preparation, or other proceedings in this lawsuit;

   v. Stenographic personnel and videographers who are engaged in proceedings necessarily incident to the conduct of this action;

   vi. Deponents in this lawsuit in connection with their testimony about such materials in this lawsuit;

e. That any Confidential Material exchanged between the Parties that is released subject to the Agreed Protective Order shall remain confidential and not be disclosed by the Parties to any person except as reasonably necessary for furtherance of defense or prosecution of this litigation, in motions and briefs filed with this Court, and in what is reasonably necessary for discovery, trial preparation, and in trial;

f.  That any Confidential Material exchanged between the Parties that is released subject to the Agreed Protective Order shall not be disclosed to any third party, including any medial outlet or entity;

g.  That the Parties shall instruct any witness who has an absolute right to and may view such information that such person is bound by the terms of the Agreed Protective Order, and must not reveal such information to anyone. Prior the release of any such information, the Party shall secure the witness' written acknowledgment and agreement to be bound by the terms of the Agreed Protective Order

h.  That the information and/or documentation exchanged between the Parties subject to the Agreed Protective Order shall, without the necessity of further designation, by treated as highly confidential or confidential during the pendency of this action;

i.  That the control and distribution of the information and/or documentation, exchanged between the Parties subject to the Agreed Protective Order, shall be the responsibility of the Parties and no one else;

j.  That the admissibility, confidentiality and use of the Confidential Material produced by the Parties subject to the Agreed Protective Order shall be subject to the Rules of Evidence and further Order of this Court;

k.  This Order shall extend Leave of Court to any party seeking to use any document or information that has been designated "Confidential" as any exhibit to any pleading, brief or other court filing to electronically file said

exhibit that contains "Confidential" information under seal. Any such exhibit which is electronically filed under seal shall be electronically filed under seal in accordance with the Filing and Viewing Civil Sealed/Ex Parte Documents Submitted Sealed Proposed Orders instructions, effective May 1, 2015, located on the website for the United States District court for the Western District of Oklahoma. Pursuant to Section IIIA. Of the United States District Court, Western District of Oklahoma Electronic Filing Policies and Manual, only those portions of a document that must be filed under seal should be electronically filed under seal. If, however, a party files a brief, pleading or other court filing which contains substantial argument or information about that information which has been designated "Confidential," the party may either:

  i. Redact all such personal identifier information, "Confidential" information or reference to information which has been designated "Confidential," and file a separate unredacted version of the brief, pleading or other court filing in accordance with Paragraph 11; Section IIIA of the United States District Court, Western District of Oklahoma, Electronic Filing Policies and Procedures Manual and the Filing and Viewing Civil Sealed/Ex Parte Documents Submitted Sealed Proposed Orders instructions, effective May 1, 2015, located on the website for the United States District court for the Western District of Oklahoma, or

      ii. the party may, by separate motion, seek Leave of court to file the entire brief, pleading or other court filing under seal.

l. That no reference to the Plaintiff's medical records, Plaintiff's medical information, or Plaintiff's education records marked as Highly Confidential or Confidential, shall be included in any materials filed of record with the Court except as provided herein; and

m. That upon the conclusion of this litigation, all copies of documents exchanged between the Parties subject to the Agreed Protective Order shall be returned to counsel for the Producing Party.

IT IS SO ORDERED this 7th day of December, 2022

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE